trial, exceptional circumstances exist and docket congestion may be considered to determine the reasonable period of delay that tolls the speedy trial statute.[7]

### B.

■ In this case, the trial court found that under the circumstances the ninety-eight-day delay between the granting of the motion for severance and the trial of Runningbear was reasonable. In our view, this finding is supported by the record, and must be upheld on appeal. *Williamsen v. People,* 735 P.2d 176 (Colo.1987); *see People v. Sanchez,* 649 P.2d 1049 (Colo.1982) (determination of reasonableness under section 18–1–405 considers reasons and necessity for delay, length of delay, and prejudice to the defendant caused by the delay); *see Martin,* 732 P.2d at 1214; *Pinelli v. District Court,* 197 Colo. 555, 595 P.2d 225 (1979) (two-month delay reasonable where trial court set retrial on earliest date available on court's calendar).

Accordingly, the judgment of the court of appeals is reversed, and the case is remanded to the court of appeals with directions to reinstate the judgment of conviction and sentence imposed by the district court against Runningbear.[8]

**ST. MARY'S CHURCH & MISSION, and the Archdiocese of Denver c/o Gallagher Bassett Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and Barbara Jean Price, Respondents.**

**No. 87SC29.**

Supreme Court of Colorado,
En Banc.

April 29, 1988.

Rehearing Denied May 23, 1988.*

7. In *Pinelli v. District Court,* 197 Colo. 555, 557, 595 P.2d 225, 227 (1979), we stated: "Although it is clear that docket congestion would not warrant a retrial later than the three-month maximum period for delay caused by a mistrial, it is a factor in determining the reasonableness of the delay within the statutory and procedural time periods of section 18–1–405(6)(e)." (Citations omitted.) *Cf. People v. Martin,* 732 P.2d 1210 (Colo.1987) (docket congestion is factor considered under section 18–1–405(6)(d) in determining whether delay is reasonable and is excluded from speedy trial period).

We do not hold that exceptional circumstances exist in every case in which the defendant files a motion for severance. When the severance is granted long enough before the scheduled trial date that the court can accommodate the resulting case load, the prosecution must adhere to the six-month speedy trial period and is not allowed a reasonable time beyond the six-month period to bring the defendant to trial. Here, however, the defendant filed the motion three months into the speedy trial period and delayed the hearing on the motion until after the first scheduled trial date. The court could not, under these circumstances, try each defendant within the six-month speedy trial period.

8. Respondent contends that *People v. Bell,* 669 P.2d 1381 (Colo.1983), is factually indistinguishable from the present case. We disagree. In *Bell,* after several continuances agreed to by the defendant, he accepted a plea bargain offered by the district attorney but attempted to enter a qualified guilty plea under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court decided not to accept the plea without testimony and scheduled a hearing on December 7, 1981. The hearing was continued by minute order to February 16, 1982, because of docket congestion. On February 16, 1982, the court again continued the hearing to April 12, 1982, due to docket problems. We held that the speedy trial period expired on January 6, 1982, because the delays in holding the *Alford* hearing were caused by docket congestion and not the defendant. Under the facts of this case, however, the trial court and prosecution have a reasonable period of time after the granting of the severance motion to try the defendant. Also here, unlike *Bell,* the defendant caused the motion hearing to be delayed because her attorney was involved in a pending murder trial.

* Justice ROVIRA would grant.

## ORDER OF COURT

Upon consideration of the oral argument by counsel and the briefs and record submitted in the above cause, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Petition for Writ of Certiorari is DENIED as having been improvidently granted.

**Iris WELLS, Plaintiff–Appellant,**

v.

**DEL NORTE SCHOOL DISTRICT C–7, Defendant–Appellee.**

**No. 85CA0246.**

Colorado Court of Appeals, Div. II.

Oct. 15, 1987.

Rehearing Denied Nov. 19, 1987.

Certiorari Denied April 11, 1988.

**RIVAL 1981—IV DRILLING PROGRAM, LTD., Petitioner,**

v.

**GUARANTY BANK & TRUST, Respondent.**

**No. 86SC401.**

Supreme Court of Colorado, En Banc.

April 29, 1988.

Rehearing Denied May 16, 1988.*

## ORDER OF COURT

Upon consideration of the oral argument by counsel and the briefs and record submitted in the above cause, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Petition for Writ of Certiorari is DENIED as having been improvidently granted.

* Justice Lohr would grant.